In the Matter of the Complaint of EDWARD M. TOWN-
SEND AND HENRY C. YALE, Appellants, *v.* ISAAC
NEBENZAHL AND MONTAGUE S. MARKS, Respond-
ents.

*One arrested in an action before judgment, under an order of arrest, cannot after
judgment be re-arrested for the same offence under the Stilwell act.*

Where a defendant has, before the entry of judgment in an action, been arrested
and held to bail under an order of arrest, which order has not been vacated, and
where the defendant has not been discharged therefrom, nor his bail exonerated,
the plaintiff cannot, after the entry of judgment, procure his arrest for the
same offence, upon a warrant issued under and by virtue of the Stilwell act.

Appeal from a final order dismissing a proceeding under the
Stilwell act ; and a *certiorari* to review proceedings under said act
had before the justice making the order appealed from.

The complainants' affidavit charged that the defendants had
property and rights in action which they unjustly refused to apply
to the payment of a judgment recovered against them belonging
to the complainants ; that they have assigned, removed and other-
wise disposed of some of their property with intent to defraud
their creditors, and that they fraudulently contracted the debt
respecting which the suit was brought.

The defendants being arrested denied, under oath, the allegations
of complainants' affidavit.    It also appeared that in the plaintiffs'
action against the defendants, a provisional order of arrest had been
made on affidavits and had been executed, and that the defendants
had given bail.    They had not, however, been arrested on final
process, no execution against their persons having been issued.

On argument, the judge dismissed the proceedings, and dis-
charged defendants, on the ground that as the plaintiffs had elected
to proceed under the provisions of the Code, they could not take
proceedings under the Stilwell act.

The following is the opinion delivered by the justice at Special
Term :

Lawrence, J. :

In these cases it appears that the plaintiffs, before the recovery
of the judgment against the defendants, obtained orders of arrest

and held the defendants to bail, and that such orders have never been vacated, and that the defendants have never been discharged nor their bail exonerated.

The judgment of Townsend & Yale was obtained on the 13th of October, 1877, and that of Bliss & Allen on the 11th day of December, 1876. The warrant for the arrest of the defendants was issued on the 13th day of November, 1878, in the case of Townsend & Yale, and in the case of Bliss & Allen at or about that date. An examination of the affidavits upon which, the orders of arrest and the warrants were issued shows that the facts on which the plaintiffs proceeded, in both instances, were substantially the same; and that the fact that orders of arrest had been previously issued in the actions was not stated in the affidavits on which the warrants were issued.

The act of 1831, entitled, 'an act to abolish imprisonment for debt and to punish fraudulent debtors' (Laws of 1831, chap. 300), was not superseded by the provisions of the Code of Procedure relative to arrest and bail. (Code of Procedure, § 178; *People ex rel. Latorre* v. *O'Brien*, 6 Abb. [N. S.], 63.)

Section 178 of the Code of Procedure provided that the act to abolish imprisonment for debt should not be affected thereby.

In section 548 of the Code of Civil Procedure, which is the substitute for section 178 of the Old Code, the exception as to the act of 1831 is omitted, and it is provided that " a person shall not be arrested in a civil action or special proceeding, except as prescribed by statute."

Whether this change in the phraseology of the statute was intended as a repeal of the act of 1831, it is not necessary, in the view which I take of this case, to determine. Assuming that the act of 1831 is still in full force and effect, counsel have failed to refer me to a single case in which it has been held that the creditor is entitled to both remedies. On the contrary, so far as I have been able to ascertain from an examination of the authorities, whenever the question has been touched upon, the intimation of the courts has been that while the creditor may *elect* as to which of the two courses he will adopt, he cannot resort to both. In delivering the opinion of the General Term of this court in the case of *The People* v. *Goodwin* (50 Barb., 564), Mr. Justice

Sutherland says : " Certainly there may be, two processes or remedies for the same wrong or for the collection of the same debt. Certainly two different processes under different laws, issued by the same judge or officer, or by different judges or officers, for remedying the same wrong or collecting the same debt, may be issued without being inconsistent with each other, and without the jurisdiction or power to issue the one last issued being at all impaired or affected by the fact that the other had been issued ; *but it by no means follows that a debtor charged with a fraudulent disposition or concealment of his property to avoid the payment of a debt can be arrested and imprisoned for such fraudulent disposition or concealment at the instance of his creditor, both under the Stilwell act and under the Code.*"

And in the case of *Latorre* v. *O'Brien* (6 Abb. Pr. [N. S.], 66), Mr. Justice Woodruff uses this language : " In a more general statute, providing for the arrest not only of a debtor, but a *tort feasor*, the Legislature has seen fit to authorize plaintiffs in certain specified cases to *elect* whether to proceed under the act of 1831, by warrant and commitment, or to proceed by order for arrest and bail."

In these cases the plaintiffs have made their election. They have preferred to hold the defendants under the provisions of the Code.

In *Wright* v. *Ritterman* (1 Abb. [N. S.], 431), the General Term of the Superior Court say : " It is a legal maxim that no man shall be twice arrested for the same cause. This applies to same jurisdiction, and is conceded to be the general rule. We think it a safe rule, and one that is reasonable and easy of application, that where a defendent has been discharged from imprisonment under an order of arrest by due course of law, he should not be re-arrested and imprisoned a second time for the same cause, though in a different form of action." (See also *Matter of Johnson*, 7 Robt., 269 ; *Enoch* v. *Ernst*, 21 How., 96 ; *Hernandez* v. *Carnobeli*, 10 id., 433.)

My conclusion, therefore is, that as the plaintiffs have elected to proceed under the provisions of the Code, they cannot take proceedings under the Stilwell act, based upon substantially the same facts as those which are disclosed in the affidavits on which the orders of arrest were granted.

If this conclusion is well founded, a consideration of the numerous other questions discussed by the learned counsel in their elaborate briefs is unnecessary. The defendants must be discharged.

*Thomas M. North*, for the appellants.

*A. Blumenstiel*, for the respondents.

*Per Curiam:*

We have examined the affidavits upon which the original arrest took place, and the affidavit upon which the Stilwell warrant was granted, and find that they are substantially the same. The additional ground of arrest is specified in the affidavit upon which the Stilwell warrant proceeded, which relates to an unjust refusal to apply property in satisfaction of the judgment. As to this we can only say that there was no proof furnished to support the charge, and the mere statement of an unjust refusal has always been deemed insufficient without proof of a specific demand and refusal; and more particularly should this be the case where the charge has been upon information and belief.

We are fully satisfied with the opinion of LAWRENCE, J., and adopt it as the opinion of the court.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Order and proceedings affirmed, with costs, on the opinion of LAWRENCE, J.